## CLEVELAND RY CO v ZALECZKY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9463. Decided May 20, 1929

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

Bernsteen & Bernsteen, Cleveland, for Zaleczky.

MIDDLETON, PJ and MAUCK, J (4th Dist) and ROBERTS, J (7th Dist) sitting

**MAUCK, J.**

The defendant did not plead a case of contributory negligence but did bring out on the trial the circumstances that it claimed made a case of contributory negligence. It appears from the record, page 87 et seq., that the trial court was impressed with the fact that there was a showing made by the defendant of contributory negligence on the part of the plaintiff but not such a showing as made a case of contributory negligence per se and consequently not such a case as he would be warranted in taking from the

jury. If the testimony of the plaintiff is true the defendant's only defense was that the plaintiff was guilty of contributory negligence, and this was directly brought to the attention of the court and considered by the court as disclosed by the record on the pages referred to. Upon that phase of the case, however, the court upon page 145 charged that if the evidence adduced by the plaintiff raised a presumption of negligence upon her part then the burden was upon her to remove such presumption before she would be entitled to a verdict. With this the trial court dismissed the whole question of contributory negligence and thereby deprived the defendant of that defense in case the jury should have found that the plaintiff was guilty of contributory negligence although it might not have so appeared from the plaintiff's own testimony. The charge was in this respect wholly insufficient. The charge, however, was insufficient generally.

In **Baltimore and Ohio Railroad vs. Lockwood, 72 O. S. 586,** and the cases that have followed that decision it has been established that it is the duty of the trial court to define the issues upon which the jury is to determine the truth of the matters in controversy, and that it is not sufficient to turn over to the jury the pleadings and to require the jury to ascertain the issues therefrom. As we have pointed out, the issues in this case were whether the defendant was guilty of negligence in allowing an accumulation of debris upon the platform from which the plaintiff was to alight, which did result in her injury, and whether the plaintiff was in the exercise of due care in making her alightment. Neither of these issues were referred to in the instructions to the jury. On page 144 the trial judge said to the jury that the question before it was whether the defendant was negligent at the time in question in the way or some of the ways charged in the petition. This in no way brought to the jury the issues but referred them to the pleadings to ascertain what the issues were. And so on throughout the case. No one reading what the court said concerning the issues in the case could have had any adequate understanding of what the issues really were. This, it is true, is partly due to the fact that the plaintiff was attempting to plead the same fact in various ways. This, however, did not relieve the trial judge from the duty of defining the issues. Because the issues were not defined the judgment must be reversed.

The other questions raised in the case seem to us to be of no consequence in view of the opinion thus expressed. The plaintiff's attitude in the case was never adequately defined in the instructions to the jury and the defendant's case was wholly ignored in those instructions.

The judgment is reversed and the case is remanded for a new trial.

Middleton, PJ, and Roberts, J, concur.